UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00342-MOC-DSC

| | | |
|---|---|---|
| **PANASYSTEM HANDELS GMBH**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CLN WORLDWIDE LLC**, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion to Set Aside Order (#39) and Objection to Amend[ed] Bond Language (#46). These motions have been fully briefed.

As to the Motion to Set Aside Order, the Court has reviewed the cited provision of North Carolina law and finds it inapplicable to the Order this Court issued. While N.C. Gen. Stat. § 1-472(b) does provide that *certain* orders authorizing seizure and delivery expire in 60 days, the Order this court issued is not among those listed as there is no allegation that the defendant is a "debtor," that it "defaulted" on any "payments for personal property," or that that this case involves "a conditional sale contract," a "purchase money security agreement," or a "loan secured by personal property." Id. This motion is denied.

The Court has also considered defendant's Objection to Amend[ed] Bond Language. The Court has reviewed the now-posted bond and is satisfied that: it fully complies with this Court's directions; that the bond covers all of the carbon black and it is neither required, nor proper, for the bond to mention the lien asserted against Hexpol or the State Court action; that the Surety is acceptable to this Court, and that such irrevocably guarantees payment to either the defendant or

its affiliate CLN Solutions LLC (or both) of an amount up to $1,157,686.20, an amount equal to twice the value of the goods.

As to defendant's contention that *Erste Bank* is an unacceptable surety, the Court finds that such surety is a sound financial institution that is acceptable to this Court. As to defendant's challenge to the surety being a European entity that may not be susceptible to this Court's jurisdiction, the Court finds no merit in that argument as *Erste Bank* would have little basis to challenge personal jurisdiction in an enforcement action upon its own explicit guaranty of a North Carolina judgment, issued in favor of a North Carolina beneficiary, for substantial consideration. Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009). Defendant's objections are overruled and the Court specifically approves the bond as acceptable.

\*\*\*

Finally, plaintiff having tendered an appropriate bond, the Court will, as provided in its previous Order (#24), now direct that defendant make the goods available for removal.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Set Aside Order (#39) and Objection to Amend[ed] Bond Language (#46) are, respectively, **DENIED** and **OVERRULED**, the Surety Bond issued by Erste Bank (a copy of which is annexed to plaintiff's Notice of Posting bond (#43)) is **APPROVED** and **ACCEPTED,** and defendant is Ordered to deliver and make available for removal the disputed goods in it its Statesville, North Carolina warehouse within 24 hours of issuance of this Order.

Signed: February 4, 2019

Max O. Cogburn Jr
United States District Judge